**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| THE ESTATE OF RICHARD JENKINS, *et al.*, | * | |
| | * | |
| **Plaintiffs,** | * | |
| v. | | **Case No.: GJH-21-3098** |
| | * | |
| MIDLAND NATIONAL LIFE INSURANCE COMPANY, | * | |
| | * | |
| and | * | |
| | * | |
| AMERICAN FUNDS DISTRIBUTORS, INC., | * | |
| | * | |
| **Defendants.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiffs—the Estate of Richard Jenkins ("Estate"), Nicolette Viering, and Victoria Jenkins—bring this civil action against Defendants Midland National Life Insurance Company ("Midland") and American Funds Distributors, Inc., ("AFD") for breach of contract. Plaintiffs seek declaratory relief as the proper beneficiaries under certain life insurance policies and a 401(k) plan, and payment in the amount of $400,000 in life insurance proceeds and approximately $117,000 in 401(k) plan proceeds. ECF No. 11 at 8–9.[1]

Pending before the Court is Defendant Midland's Motion to Dismiss Amended Complaint or Stay Proceedings in the Alternative. ECF No. 16. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Defendant Midland's motion is granted.

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

## I.      BACKGROUND

Plaintiffs seek to bring a breach of contract action against Midland and AFD, respectively, over proceeds from two life insurance policies and a 401(k) plan following the death of Richard Jenkins.[2] Plaintiff, the Estate of Richard Jenkins, is a Maryland estate and the legal representative of the decedent. ECF No. 11 ¶ 3. Plaintiffs Nicolette Viering and Victoria Jenkins, both Maryland residents, are the daughters of Richard Jenkins. *Id.* ¶¶ 4–5. Defendant Midland is alleged to be a citizen of the state of Iowa and Defendant AFD is alleged to be a citizen of the state of California. *Id.* ¶¶ 6–7.

On March 9, 2002, a predecessor company to Defendant Midland issued two term life insurance policies to Richard Jenkins, valuing $400,000 in total. *Id.* ¶ 8. Richard[3] designated his mother, Norma Jenkins, as the beneficiary of both policies, and his daughters, Nicolette and Victoria, as contingent beneficiaries, to receive 50% each. *Id.* ¶ 10. Norma predeceased Richard, entitling Nicolette and Victoria to the proceeds of the policies upon Richard's death. *Id.* ¶ 11.

On or around 2010, Richard married Lovely Jenkins. *Id.* ¶ 13. Richard and Lovely executed a prenuptial agreement, in which Lovely denounced and waived any right or interest in Richard's property and affirmed that no property would be considered marital property. *Id.*

On October 31, 2018, Richard experienced a traumatic brain injury. *Id.* ¶ 12. In or around May 2019, Midland received a change in beneficiary request purporting to remove Norma, Nicolette, and Victoria as beneficiaries, to be replaced by Lovely. *Id.* ¶ 15. Plaintiffs claim that the signature on the beneficiary form did not match Richard's prior signatures. *Id.*

---

[2] Unless stated otherwise, all facts are taken from Plaintiff's Amended Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[3] The Court will refer to the parties by first name to avoid confusion among multiple parties with the surname Jenkins.

In August 2020, Richard died. *Id.* ¶ 18. Nicolette and Victoria allege that, following Richard's death, they found "evidence in the home of Lovely Jenkins and Richard Jenkins of practice attempts to duplicate Richard Jenkins' signature." *Id.* They also found a notice concerning the change in beneficiary for the Midland policies. *Id.* Counsel for the Estate of Richard Jenkins informed Midland of these issues on or around August 27, 2020. *Id.* ¶ 19. As of the filings in this matter, Midland had not paid out the benefits to any party. *Id.* ¶ 20.

Richard Jenkins also maintained a 401(k) plan through his employer, Waldorf Ford, Inc., alleged to be administered by AFD, of which Nicolette and Victoria claim they were beneficiaries. *Id.* ¶ 22–23. The plan was valued at approximately $117,000. *Id.* ¶ 27. Plaintiffs allege that, although the prenuptial agreement signed by Lovely expressly waives any interest in the proceeds of the 401(k) plan, AFD paid the proceeds of the 401(k) plan to Lovely on or about October 21, 2021. *Id.* ¶¶ 25–27.

On December 3, 2021, Plaintiffs filed a Complaint in this Court. ECF No. 1. On January 5, 2022, Defendant Midland filed a Motion to Dismiss for Failure to State a Claim. ECF No. 14. On the same day, Plaintiffs filed an Amended Complaint. ECF No. 11. On January 18, 2022, Midland filed a Motion to Dismiss Amended Complaint or Stay Proceedings in the Alternative. ECF No. 16. In its Motion to Dismiss, Midland informed the Court that the insurance proceeds at issue in the Amended Complaint were already subject to an interpleader request pending in the Circuit Court of Charles County, MD. *Id.* at 2–3; *see* ECF No. 16-2.

On February 1, 2022, Plaintiffs filed an Opposition to Midland's Motion to Dismiss. ECF No. 18. On February 15, 2022, Midland filed a Reply to Plaintiff's Opposition. ECF No. 19. On February 23, 2022, Midland filed in this case a copy of an Order from the Charles County Circuit Court granting Midland's claim for interpleader. ECF No. 23. The Order required Midland to

deposit $400,000 in insurance proceeds—plus interest, and less approximately $12,500 in

reasonable costs and attorneys' fees—to the Clerk of the Circuit Court. *Id.* at 2–3. The Circuit

Court dismissed Midland from the suit and excused any further attendance in the case. *Id.*

On March 8, 2022, Defendant AFD filed an Answer and Affirmative Defenses to

Plaintiff's Amended Complaint. ECF No. 24.

## II.    FAILURE TO JOIN A PARTY

### A.  Legal Standard

Under Rule 12(b)(7), a party may file a motion to dismiss "for failure to join a party

under Rule 19." Fed. R. Civ. P. 12(b)(7).

Courts must follow a two-step inquiry in deciding such a motion. First, a court must

determine whether, under Rule 19, the absent party is "necessary to a proceeding because of its

relationship to the matter under consideration." *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440

(4th Cir. 1999) (internal quotations and citation omitted). Rule 19 states that an absent party is a

required party and must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing
>      parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated
>      that disposing of the action in the person's absence may:
>
>> (i)    as a practical matter impair or impede the person's ability to protect the
>>        interest; or
>>
>> (ii)   leave an existing party subject to a substantial risk of incurring double,
>>        multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Second, if the party is necessary but joinder is not feasible due to limitations on subject-

matter jurisdiction, service of process, or venue, *see* Fed. R. Civ. P. 19 advisory committee's

note to 1966 amendment, the court must determine "whether the proceeding can continue in its absence, or whether [the party] is indispensable pursuant to Rule 19(b) and the action must be dismissed," *Owens-Illinois*, 186 F.3d at 440 (citation omitted).

Rule 19 provides the following factors to be considered when determining whether an action should be dismissed:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

While dismissal of a case is a "drastic remedy [that] should be employed only sparingly," it is required if a non-joined party to the dispute is both necessary and indispensable. *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir.1999). Such decisions "must be made pragmatically, in the context of the 'substance' of each case," *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 n.16 (1968), and courts must take into account the possible prejudice "to all parties, including those not before it," *Owens-Illinois*, 186 F.3d at 441.

## B. Analysis

### 1. Necessary Party

The first issue is whether the deceased's wife, Lovely Jenkins, is a necessary party to the action against Midland. As noted previously, a party is necessary if (1) a court "cannot accord complete relief among existing parties" absent the party, or (2) the party "claims an interest relating to the subject of the action"—meaning the party's interest may not be fully protected without joinder or an existing party may face substantial risk of multiple or inconsistent obligations due to that interest. Fed. R. Civ. P. 19(a)(1).

Here, Midland argues, correctly, that Plaintiffs seek payment under two life insurance policies, both of which name Lovely as the most recently designated beneficiary. ECF No. 16-1 at 8. Both of these policies are also already at issue in ongoing state court proceedings. *Id.* In Plaintiffs' claim in this case, they assert that the signature on the change of beneficiary form does not match Richard's prior signatures, and thus, the designation of Lovely is "counterfeit on its face." ECF No. 11 ¶ 15. Plaintiffs plead relief in the form of a declaratory order that they are the rightful beneficiaries of the insurance policies. *Id.* at 8. They also seek payment of the policy proceeds, in the amount of $400,000. *Id.* at 9. These claims all directly relate to, and effectively seek to terminate, Lovely's claim to the proceeds. Thus, her interests in the proceeds would not be fully protected without joinder and Midland could face multiple or inconsistent obligations as a result, making Lovely a necessary party.[4]

---

[4] To the extent that Plaintiffs argue Lovely cannot be a required party *because* she is a non-diverse party, this appears to be a misreading of the federal rule of joinder. "It is important to note that Rule 19(a) embraces all those persons who should be joined, including those whose joinder is not feasible and who ultimately may be regarded as indispensable under Rule 19(b)." *Federal Practice and Procedure* § 1604; *see also Provident Tradesmens Bank*, 390 U.S. at 108–09.

## 2.  Feasibility and Indispensability

Having established that Lovely Jenkins is a necessary party to the claims against Midland, the next issue is whether joinder is feasible, and if not, whether dismissal of the action is appropriate. As noted previously, if joinder is not feasible due to subject-matter jurisdiction, service of process, or venue, the Court is directed to consider whether the party is indispensable, and thus whether the case should be dismissed. Fed. R. Civ. P. 19(b).

In considering whether joinder under Rule 19 will destroy federal subject-matter jurisdiction, the Court must "align the parties according to the purpose of the suit and the primary and controlling matter in dispute." *See Manning v. Manning*, 304 F.R.D. 227, 231 (S.D. Miss. 2015); *see Hjersted v. Hjersted*, No. CIVA 08-2419-KHV, 2009 WL 2982917, at *8 (D. Kan. Sept. 14, 2009) (holding same). The Fourth Circuit generally applies a "principal purpose" test for determining party alignment, which looks first at the primary issue in controversy and then seeks to align the parties with respect to the issue. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 337 (4th Cir. 2008).

Here, Lovely Jenkins' interests "are more closely aligned" with the Defendants in this matter, because she has an interest in establishing that Midland is not obligated by contract to pay Plaintiff's insurance proceeds. *See Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1224 (E.D. Va. 2011). Therefore, Lovely is a necessary party who would be joined as a defendant, which would destroy federal diversity jurisdiction because both she and Plaintiffs are Maryland residents.

Finally, the Court is required to decide whether Lovely is an indispensable party, in which case the matter must be dismissed. *See Owens-Illinois*, 186 F.3d at 440. As directed by Rule 19, "the court must determine whether, in equity and good conscience, the action should

proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The decision

is intended to be a pragmatic one. *See* Fed. R. Civ. P. 19 advisory committee's note to 1966

amendment; *Provident Tradesmens Bank*, 390 U.S. at 119 n. 16. As noted previously, Rule 19

provides four nonexclusive factors for considering whether to dismiss: (1) the extent to which a

judgment rendered might prejudice the absent party or existing parties; (2) the extent to which

any prejudice might be lessened or avoided through protective provisions in the judgment, the

shaping of relief, or other measures; (3) whether a judgment rendered in the party's absence

would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action

were dismissed under Rule 12(b)(7). Fed. R. Civ. P. 19(b).

       As discussed above, it would be difficult to reach an appropriate or just result without

Lovely's  participation as a party, and she would be prejudiced as a result. *See Owens-Illinois*,

186 F.3d at 441 (noting that "[c]onsideration of the first and third factors under the rule—the

extent to which a judgment rendered in the person's absence might prejudice the parties or would

even be adequate—address much the same concerns as under the Rule 19(a)(2) analysis").

       Regarding the second factor, Lovely Jenkins' direct interest in the resolution of claims

against Midland likewise makes it difficult for the Court to see how protective relief could be

shaped in her absence.

       Finally, with respect to the fourth factor, it seems clear that the parties would have a

more-than-adequate remedy should this action dismissed. As noted previously, the Charles

County Circuit Court has already approved Midland's claim for interpleader, dismissing it from

the dispute between Lovely and the Plaintiffs. ECF No. 23. A trial date is set to determine the

appropriate allocation of the disputed insurance proceeds.

As such, Lovely is a necessary and indispensable party to this suit and this case must be dismissed as to Midland for failure to join a party, pursuant to Rule 12(b)(7). Fed. R. Civ. P. 12(b)(7).

**III.     CONCLUSION**

For the foregoing reasons, Defendant Midland's Motion is granted. A separate Order follows.


Date: <u>September 29, 2022</u>                                          ____/s/_____
                                                                                          GEORGE J. HAZEL
                                                                                          United States District Judge